[Cite as *State v. Gladwell*, 2017-Ohio-1331.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-07-139 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 4/10/2017 |
| - vs - | | |
| | : | |
| JOSEPH I. GLADWELL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-09-1483

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 Monument, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Joseph I. Gladwell, appeals from the 14-month prison sentence he received in the Butler County Court of Common Pleas for violating the conditions of his community control. For the reasons outlined below, we affirm.

{¶ 2} On January 28, 2013, Gladwell entered into a plea agreement and pled guilty to one count of vandalism in violation of R.C. 2909.05(B)(1)(a), a fifth-degree felony, and one count of grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony. The charges

arose after Gladwell stole a Ford F250 pickup truck from the lot of Manheim Auto Auction located in Warren County and rammed said pickup truck into a security gate during the night of August 22, 2010 or the early morning hours of August 23, 2010.

{¶ 3} As a result of his guilty plea, on May 1, 2013, the trial court sentenced Gladwell to nine months in prison on the vandalism charge and five years of community control on the charge of grand theft. Gladwell was also ordered to pay $20,000 in restitution. It is undisputed that at his original sentencing hearing the trial court explicitly advised Gladwell that he faced 18 months in prison if he violated the conditions of his community control.

{¶ 4} On March 5, 2015, the trial court issued an entry finding Gladwell violated the conditions of his community control. However, instead of sentencing Gladwell to prison, the trial court continued the conditions of his community control and further required him to complete 20 hours of community service until he found full-time employment, complete corrective thinking classes, live in Butler County, and pay $420 per month in restitution. Just like his original sentencing hearing, it is undisputed that the trial court explicitly advised Gladwell that he faced 18 months in prison if he violated the conditions of his community control.

{¶ 5} On November 18, 2015, the trial court issued another entry finding Gladwell had again violated the conditions of his community control. However, just like it had done previously, instead of sentencing Gladwell to prison, the trial court continued the conditions of Gladwell's community control and further required Gladwell to complete the MonDay program at the MonDay Community Correctional Institute in Dayton, Ohio within six months. Unlike at his original sentencing hearing and previous community control violation hearing, the trial court did not explicitly advise Gladwell that he faced 18 months in prison if he violated the conditions of his community control. Rather, the trial court advised Gladwell of the following:

Now this is your last shot. You're going to go to prison next time

you mess up and I will also want to add, zero tolerance on him.
So that when you get out, if you mess up, even the littlest bit,
you're going – that's my clue that you need to go to prison.

{¶ 6} On June 24, 2016, the trial court issued an entry finding Gladwell had once again violated the conditions of his community control. As a result, just as the trial court advised Gladwell that it would, the trial court revoked Gladwell's community control and sentenced him to serve 14 months in prison. Gladwell now appeals from the trial court's decision sentencing him to 14 months in prison, raising the following single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IMPOSING A TERM OF IMPRISONMENT FOR HIS COMMUNITY CONTROL VIOLATION.

{¶ 8} In his single assignment of error, Gladwell argues the trial court erred by sentencing him to a 14-month prison term for violating the conditions of his community control since the trial court did not explicitly advise him at his most recent community control violation hearing of the potential 18-month prison term he faced if he violated those conditions again. We disagree.

{¶ 9} In support of his claim, Gladwell relies on the Ohio Supreme Court's decision in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, wherein the court held that pursuant to R.C. 2929.19(B)(5), now codified as R.C. 2929.19(B)(4), the following:

> [A] trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*Id.* at syllabus.

{¶ 10} According to Gladwell, the Ohio Supreme Court's holding in *Fraley* required the trial court in this case to consistently re-advise him of the potential 18-month prison term he

faced at each and every community control violation hearing, regardless of the fact that he had already been specifically advised of such a possibility at both his original sentencing hearing and at his prior hearing regarding his community control violations.

{¶ 11} Although not addressed by this court, this exact argument has already been rejected by both the Eighth District Court of Appeals and the Fourth District Court of Appeals. As the Eighth District stated in *State v. Hodge*, 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78, ¶ 8-9:

> While we agree that the language in *Fraley* might support that conclusion, in context, it does not. *Fraley* is based upon a wholly different set of facts than our case at bar. Hodge's original sentence was not legally deficient; Fraley's was.
>
> We construe the holding of the Supreme Court in *Fraley* narrowly to mean that a trial court that fails to notify a defendant of the specific penalty he will face upon violation of community control sanctions at the initial sentencing, may "cure" that failure at a subsequent violation hearing by then advising the defendant of the definite term of imprisonment that may be imposed upon any subsequent finding of violation. We find nothing in the statute or *Fraley* that requires a legally adequate notification in the first instance be given over and over again.

*See also State v. Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250, ¶ 20 ("because the trial court advised Oulhint at the original sentencing hearing of the specific prison term he faced if he violated the conditions of his community control, it was under no duty to continue to readvise him of the possible sentence at subsequent hearings").

{¶ 12} Similarly, as the Fourth District Court of Appeals stated in *State v. Batty*, 4th Dist. Ross No. 13CA3398, 2014-Ohio-2826, ¶ 33:

> Appellant was properly notified at the original sentencing hearing in February 2010 that if she violated the terms of her community control sanction, she risked imposition of a twelve (12) month prison term on each charge. That notification was legally sufficient and the trial court was not required to notify her over and over again.

{¶ 13} We agree with the rationale employed by both the Eighth and Fourth District

Courts of Appeals in *Hodge* and *Batty*, and similarly conclude that where the trial court properly notified the defendant at the original sentencing hearing, or any subsequent community control violation hearing, of the specific potential prison term that could be imposed if a violation of community control sanctions was established at a subsequent community control violation hearing, that notification is legally sufficient and the trial court is not required to re-advise the defendant over and over again at each and every hearing that may occur thereafter. Therefore, because we find no error with the trial court's decision sentencing Gladwell to 14 months in prison for violating the condition of his community control, Gladwell's single assignment of error is without merit and overruled.

**{¶ 14}** Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

- 5 -