[Cite as *State v. Holloway*, 2017-Ohio-4039.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-08-152 |
| - vs - | : | O P I N I O N<br>5/30/2017 |
| | : | |
| CLITES A. HOLLOWAY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-07-1174

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Clites Holloway, appeals from the 12-month prison sentence he received in the Butler County Court of Common Pleas for violating the conditions of his community control. For the reasons detailed below, we affirm.

{¶ 2} On August 25, 2015, Holloway entered into a plea agreement and pled guilty to one count of attempted failure to provide notice of change of address or place of employment

in violation of R.C. 2923.02 and R.C. 2950.05(A), a fifth-degree felony. As a Tier I sex offender, Holloway was required to register his address with the Butler County Sheriff.

{¶ 3} As a result of his guilty plea, on October 16, 2015, the trial court sentenced Holloway to five years of community control. At the original sentencing hearing, the trial court advised Holloway that he faced 12 months in prison if he violated the conditions of his community control. In pertinent part, the trial court stated:

> TRIAL COURT: If you violate that or leave the state without permission, violate any of your terms, violate any law, this Court may impose a more restricted sanction or I may impose a prison term upon you specifically. I am going to reserve a 12-month prison term.

The sentencing entry also reflected the specific 12-month prison term for a violation.

{¶ 4} On March 24, 2016, the probation department filed a report and notice of a community control violation, again for failing to register his address. The trial court found Holloway in violation, but continued Holloway on community control. The sentencing entry indicated that there was "[z]ero tolerance" for any future violations and specified a 12-month sentence upon violation. This was also addressed during the hearing:

> THE COURT: * * * Continue him on community control under his goal factors. So you still have to do everything you were ordered to do before, okay. And I'm going to warn you that at this point I'm going to say - - formally it's going to appear on the record that it's now a zero tolerance policy, okay. So moving forward you have to make sure you're doing everything right. Okay, I'm going to continue to shelf [sic] the 12 months, give him total credit of 95 days (indiscernible). Do you understand?
>
> THE DEFENDANT: Yes, sir.

{¶ 5} On July 21, 2016, the trial court issued an entry finding Holloway had once again violated the conditions of his community control, this time based on a robbery conviction. As a result, the trial court revoked Holloway's community control and sentenced him to 12 months in prison. Holloway now appeals from the trial court's sentencing decision,

raising the following single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IMPOSING A TERM OF IMPRISONMENT FOR HIS COMMUNITY CONTROL VIOLATION.

{¶ 7} In his sole assignment of error, Holloway argues the trial court erred by sentencing him to a 12-month prison term for violating the conditions of his community control since the trial court did not explicitly advise him of the specific 12-month prison term at the original sentencing hearing or during the subsequent community control violation hearing. We disagree.

{¶ 8} The Ohio Supreme Court has held that a trial court must notify an offender of the specific prison term that may be imposed for a violation of a community control sanction. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29. In that case, the court held that pursuant to R.C. 2929.19(B)(5), now codified as R.C. 2929.19(B)(4):

> [A] trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*Id.*

{¶ 9} Holloway first argues that the trial court failed to notify him of the specific prison term that may be imposed during the original sentencing hearing. However, as noted earlier, the trial court specifically stated during the original sentencing hearing:

> TRIAL COURT: If you violate that or leave the state without permission, violate any of your terms, violate any law, this Court may impose a more restricted sanction or I may impose a prison term upon you specifically. I am going to reserve a 12-month prison term.

{¶ 10} Holloway acknowledges the existence of that notification, but nevertheless claims that it was not in strict compliance with R.C. 2929.19(B)(4) "as he was not notified of the specific prison term that would be imposed for a violation." Holloway attempts to frame

the notification as "tantamount to telling [him] that he could receive a prison term 'up to' the maximum."

{¶ 11} The argument that Holloway was not notified of the specific prison term that he faced at the original sentencing hearing is without merit. The trial court notified Holloway of the prison sentence he faced. Any suggestion otherwise belies the record. A trial court is required to advise the offender of the specific prison term that may be imposed. As with many issues, a trial court is not required to give a talismanic incantation of its order. *State v. Reed*, 3d Dist. Defiance No. 4-05-22, 2005-Ohio-5614, ¶ 9. Here, the trial court stated that it was going to "reserve a 12-month prison term," which is sufficient.

{¶ 12} Next, Holloway relies on the Ohio Supreme Court's decision in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, to separately argue that the trial court was required to re-advise him of the specific prison term he faced at each community control violation hearing. However, this court has recently rejected that argument and stated that a trial court is not required to re-advise the defendant "over and over again at each and every hearing that may occur thereafter." *State v. Gladwell*, 12th Dist. Butler No. CA2016-07-139, 2017-Ohio-1331, ¶ 13. Relying on precedent from the Fourth and Eighth Districts, this court concluded that notification at the original sentencing hearing, or any subsequent community control violation hearing is legally sufficient. *Id.*, citing *State v. Hodge*, 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78; and *State v. Batty*, 4th Dist. Ross No. 13CA3398, 2014-Ohio-2826.

{¶ 13} Moreover, Holloway's argument is without merit as he was, in fact, notified of the specific prison term that could be imposed at his most recent community control hearing. During that hearing, the trial court again advised:

> THE COURT: * * * Continue him on community control under his goal factors. So you still have to do everything you were ordered to do before, okay. And I'm going to warn you that at this point

I'm going to say - - formally it's going to appear on the record that it's now a zero tolerance policy, okay. So moving forward you have to make sure you're doing everything right. Okay, I'm going to continue to shelf [sic] the 12 months, give him total credit of 95 days (indiscernible). Do you understand?

THE DEFENDANT: Yes, sir.

{¶ 14} While we would advise caution in the use of vernacular, such as "continue to shelve," the record clearly and sufficiently reveals that Holloway was notified of the specific prison term he faced at both the original sentencing hearing and the subsequent community control hearing. *See Reed*, 2005-Ohio-5614 at ¶ 9. When Holloway violated his community control, the trial court imposed the 12-month sentence. Accordingly, we find the trial court did not err by imposing a prison term following the violation of his community control. Holloway's sole assignment of error is without merit and overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., concurs.

M. POWELL, J., concurs separately.

**M. POWELL, J., concurring separately.**

{¶ 15} I concur in the majority's judgment and opinion but write separately to express my concern with our recent opinion in *State v. Gladwell*, 12th Dist. Butler CA2016-07-139, 2017-Ohio-1331, and our reliance upon it in affirming Holloway's prison term.

{¶ 16} In *Gladwell*, the defendant was sentenced to a community control sanction for a felony conviction. At the sentencing hearing, the trial court provided Gladwell with the R.C. 2929.19(B)(4) notification of the specific prison term he faced should he violate the conditions of community control. Thereafter, Gladwell was adjudicated in violation of the terms of his community control. The trial court continued Gladwell on community control and again

provided him with the necessary R.C. 2929.19(B)(4) notification. Gladwell violated the terms of his community control a second time and was again continued on community control. However, the trial court failed to provide a R.C. 2929.19(B)(4) notification at the second community control violation sentencing hearing. When Gladwell violated the terms of his community control a third time, the trial court sentenced him to the prison term of which he had been notified at his original sentencing and at the first community control violation sentencing. Gladwell appealed. Relying upon the Ohio Supreme Court's opinion in *Fraley*, he argued he was not subject to a prison term because of the trial court's failure to provide the R.C. 2929.19(B)(4) notification at the second community control violation sentencing hearing. We affirmed the imposition of the prison term on the ground that a proper R.C. 2929.19(B)(4) notification dispenses with any necessity for a subsequent notification. In doing so, we rejected Gladwell's reliance upon *Fraley* and instead relied upon a 2010 opinion of the Eighth Appellate District and its progeny. *State v. Hodge*, 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78. In my view, *Gladwell* represents a misapplication of the supreme court's opinion in *Fraley*.

{¶ 17} In 2004, the Ohio Supreme Court held that

> Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraph two of the syllabus. Thus, the supreme court held that the R.C. 2929.19(B)(4) notification must be given at the time an offender is sentenced to community control if a prison term is to be imposed for a subsequent community control violation. However, *Brooks* specifically declined to address whether providing the notification at a later community control violation sentencing hearing

allows imposition of a prison term for a subsequent community control violation where the notice was not originally provided. *Id.* at ¶ 33, fn. 2. In *Fraley,* the supreme court addressed the issue left open in *Brooks.*

{¶ 18} *Fraley* was concerned with the timing of the R.C. 2929.19(B)(4) notification and addressed the various situations in which the notification would be effective in permitting the imposition of a prison term for a later community control violation, including that left unaddressed in *Brooks.*

{¶ 19} The supreme court began by noting that the R.C. 2929.19(B)(4) notification must be provided at the sentencing hearing where an offender is first sentenced to community control, if a prison term is to be imposed as a sanction for an initial community control violation:

> Thus, in order to comply with R.C. 2929.19(B)(5), the *original* sentencing hearing is the time when the notification must be given for the court to impose a prison term upon a defendant's *first* community control violation. However, this court has not ruled on the timing of notification required by the statute in order to impose a prison term when an offender violates his community control sanctions multiple times.

(Emphasis sic.) *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 15. Notably, the supreme court did not phrase this unaddressed issue of the timing of a notification for an additional community control violation as involving whether the notification was provided at the original sentencing.

{¶ 20} The supreme court then discussed the timing of the notification where an offender commits separate and successive community control violations. In doing so, the supreme court recognized that the original sentencing hearing and subsequent community control violation sentencing hearings are separate and distinct events, and observed that "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with

the relevant sentencing statutes." *Id.* at ¶ 17. Obviously, R.C. 2929.19(B)(4), which requires the specific prison term notification, is a "relevant sentencing statute" with which a court must comply at this "new" sentencing hearing. Thus, to comply with "R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for such a subsequent violation." *Id.* at ¶ 18.[1] This is a straightforward expression that the R.C. 2929.19(B)(4) notification must be given at a community control violation sentencing hearing for a prison term to be imposed for a subsequent violation, without regard to whether the notification was provided at the original sentencing. However, in *Gladwell*, we adopted the construction of *Fraley* advanced by the Eighth Appellate District in *Hodge* and affirmed Gladwell's prison term because he had been provided a R.C. 2929.19(B)(4) notification when originally sentenced and in a prior community control violation sentencing.

{¶ 21} *Hodge,* which was the lynchpin of our opinion in *Gladwell*, involved a case where the defendant was provided a proper R.C. 2929.19(B)(4) notification at his original sentencing but not at a first community control violation sentencing where he was continued on community control. When Hodge violated the conditions of community control a second time and was sentenced to a prison term, he appealed, arguing that based upon *Fraley,* he could not be sentenced to prison because of the trial court's failure to give the R.C. 2929.19(B)(4) notification at the first community control violation sentencing hearing. The *Hodge* court found it significant that *Fraley* involved an offender who had not been properly notified at the original sentencing hearing, while Hodge had been so notified. Thus, the

---

1. Former R.C. 2929.19(B)(5) is now codified as R.C. 2929.19(B)(4).

Eighth Appellate District construed *Fraley* as holding that a failure to provide the R.C. 2929.19(B)(4) notification at the original sentencing may be "cured" by a notification at a subsequent community control violation sentencing hearing. *Hodge*, 2010-Ohio-78 at ¶ 9. Finding that a proper notification of the specific prison term at an original sentencing hearing suffices for all subsequent community control violation sentencing hearings, the appellate court stated, "We find nothing in * * * *Fraley* that requires a legally adequate notification in the first instance to be given over and over again." *Id.*

{¶ 22} I agree that a proper R.C. 2929.19(B)(4) notification at a R.C. 2929.15(B) community control violation sentencing hearing permits the imposition of a prison term for a subsequent community control violation without regard to whether a proper notification was provided at the original sentencing.[2] However, I believe the Eighth Appellate District misconstrued *Fraley* in finding that a notification at the original sentencing hearing dispenses with the necessity of providing the notification at community control violation sentencing hearings, if a prison term is to be imposed for a subsequent violation of community control.

{¶ 23} *Fraley* ruled that the timing of the notification, if a prison term is to be imposed, is at the original sentencing for a first community control violation, and at the R.C. 2929.15(B) community control violation sentencing hearing for subsequent community control violations. The supreme court did not, as suggested by *Hodge*, qualify the duty to comply with the R.C. 2929.19(B)(4) notification upon whether a prior proper R.C. 2929.19(B)(4) notification had been given. On the contrary, the supreme court limited the reach of a notification at an original sentencing hearing to the first community control violation. *Fraley*, 2004-Ohio-7110 at ¶ 15 ("the *original* sentencing hearing is the time when the notification must be given for

---

2. For the reasons set forth herein, I believe it inaccurate to characterize a subsequent notification as a "cure" for a deficient initial notification. Rather, a subsequent R.C. 2929.19(B)(4) notification provides an independent basis to impose a prison term for a subsequent community control violation.

the court to impose a prison term upon a defendant's *first* community control violation"). If there is any doubt that a notification given at the original sentencing is not so limited, the supreme court went on to state that imposition of a prison term for subsequent community control violations requires notification at the community control violation sentencing hearing. *Id.* at ¶ 18.

{¶ 24} I believe we were wrong in *Gladwell* and are wrong in relying upon *Gladwell* as a partial basis for affirming Holloway's prison term. In my view, *Fraley* represents an unequivocal statement that the R.C. 2929.19(B)(4) notification must be given each time an offender is sentenced to community control, whether at the original sentencing or at subsequent community control violation sentencings.

{¶ 25} Despite my misgivings about *Gladwell,* I am compelled to concur in the majority's opinion and judgment because *Gladwell* represents the law in this district. However, I encourage my colleagues on the court to revisit *Gladwell* and the issue of the necessity of the R.C. 2929.19(B)(4) notification each time an offender is sentenced "anew" to a community control sanction.