OPINION
{¶ 1} Defendant-appellant, James Sears, appeals the decision of the Butler County Court of Common Pleas, revoking his community control sanction. We affirm the trial court's decision.
 {¶ 2} In March 2004, appellant was convicted of three counts of importuning, and one count of unlawful sexual conduct with a minor. He was sentenced to five years of community control. In February 2006 appellant's probation officer filed a notice with the trial court *Page 2 
alleging that appellant had violated the terms of his community control. Appellant had been charged with additional counts of importuning and unlawful sexual conduct with a minor. The notice also alleged that appellant had accessed the internet and had unsupervised contact with minors in violation of the terms of his community control. After a hearing on the matter, the trial court found that appellant had violated the terms of his community control. Appellant's community control was revoked and he was sentenced accordingly. He appeals, raising the following assignment of error:
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY CONTROL SANCTIONS."
 {¶ 4} A community control revocation hearing is not a criminal trial; consequently, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v.Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, ¶ 18, citingState v. Hylton (1991), 75 Ohio App.3d 778; State v. Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035. Rather, "the quantum of evidence required to establish a violation and revoke a community control sanction must be substantial." Id., citing Hylton at 782;Tranter at 7. The trial court must consider the credibility of the witnesses when making this determination. State v. Miller, Franklin App. No. 03AP-1004, 2004-Ohio-1007. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. Id.; Payne at ¶ 18.
 {¶ 5} Appellant first contends that the state failed to present substantial evidence in support of its allegation that appellant accessed the internet and had unsupervised contact with minors. Review of the record does not support appellant's argument.
 {¶ 6} At the revocation hearing appellant himself moved into evidence the results of a polygraph examination. During the course of that examination, appellant admitted to having had unsupervised contact with minors. He also admitted that he had visited internet sites on *Page 3 
a work computer, had text messaging on his cell phone, and had "a friend send my picture over the internet to a girl." In addition to these admissions, Detective Mark Hayes of the Hamilton Police Department testified, with regard to the new charges pending against appellant, that appellant had met CD., the minor victim, on an internet site. He testified that appellant had a personal page on the internet site XANGA that had been created in May 2005. Examination of C.D.'s computer revealed that appellant's screen names had been accessed several hundred times, as late as March 2005. He testified that appellant allegedly had six sexual encounters with CD. Having reviewed this evidence, we conclude that the trial court did not abuse its discretion when it found that appellant violated the terms of his community control.
 {¶ 7} Appellant also contends that "the trial court's explanation as to the reasons for Appellant's probation revocation" is insufficient under Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593. InMorrissey, the United States Supreme Court held that due process requires that an offender who is found to have violated parole must be provided a "written statement by the factfinders as to the evidence relied on and reasons for revoking parole." No such written statement was provided in the instant case. However, review of the transcript of the probation violation hearing demonstrates that the trial court orally stated its findings and reasons for revoking appellant's probation. This statement was made on the record and directed to appellant, who was present at the time.
 {¶ 8} In a factually identical circumstance, the Ohio Supreme Court held that a written statement, while preferred, is not necessary where "the trial court's statement sufficiently informed the appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal." See State v. Delaney (1984),11 Ohio St.3d 231, 235, citing United States v. Rilliet (C.A.9, 1979),595 F.2d 1138; Howie v. Commonwealth (1981), 222 Va. 625,283 S.E.2d 197; State v. Harris (La. 1979), 368 So.2d 1066; *Page 4 Pearson v. State (1976), 308 Minn. 287, 241 N.W.2d 490. We consequently do not find any deprivation of appellant's right to due process in this case. The assignment of error is overruled.
 {¶ 9} Judgment affirmed.
 POWELL, P.J., and YOUNG, J., concur. *Page 1