OPINION
{¶ 1} Defendant-appellant, Joseph M. Woolpert, appeals the decision of the Butler County Court of Common Pleas to revoke his community control sanction and impose a three-year prison term.
 {¶ 2} Appellant pled guilty to one count of burglary, a felony of the third degree, after he was ruled competent to stand trial. Appellant was accused of trespassing in an occupied dwelling. According to the bill of particulars, a female resident of the dwelling awoke to find *Page 2 
appellant standing over her. Appellant was wearing only underwear and appeared to be masturbating.
 {¶ 3} After the guilty plea, the trial court sentenced appellant to community control for three years, ordering the community control sanction to include the successful completion of no more than six months at a Community Correctional Center ("CCC").
 {¶ 4} Appellant was reportedly placed at the CCC facility in the middle of March 2006. A notice of alleged violations was filed in July. It was alleged that appellant violated a condition of his community control supervision when he was terminated from CCC for failing to abide by center rules.
 {¶ 5} At the hearing transcribed for this court, testimony was presented that appellant was terminated from CCC for major and minor rule infractions. Included among the infractions was an indication that appellant was found masturbating in the dorm or shower area of CCC, after he was warned about the behavior.
 {¶ 6} The trial court revoked appellant's community control sanction and sentenced him to prison for three years. Appellant appealed his community control revocation, setting forth two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND THAT HE HAD VIOLATED HIS PROBATION."[1]
 {¶ 9} In a probation revocation proceeding, the state must present substantial evidence that the defendant violated the terms of his probation. State v. Hylton (1991), 75 Ohio App.3d 778, 782-783;State v. Sears, Butler App. No. CA2006-04-080, 2007-Ohio-1364, *Page 3 Butler CA2006-10-244 ¶ 4. These same standards apply to the revocation of a community control sanction. State v. Miller, Fulton App. No. F-05-016, 2006-Ohio-4810, ¶ 13.
 {¶ 10} An appellate court will not reverse the trial court's decision to revoke community control absent an abuse of discretion. State v.Schlect, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, ¶ 7 (the right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court).
 {¶ 11} Appellant argues that it was error for the trial court to revoke his community control sanction because he has a borderline intelligence quotient ("IQ") and a limited intellectual capacity and, therefore, could not comply with community control because of those limitations.
 {¶ 12} First, we disagree with appellant's additional argument that the trial court did not properly consider appellant's mental and emotional state. The trial court appeared aware of the issues presented by this case and cognizant of appellant's arguments related to his limitations.
 {¶ 13} Even though there were discussions and arguments to the effect that appellant gave it his "best shot," the trial court was never provided with evidence from medical or mental health professionals that appellant's intellectual functioning precluded him from abiding by the community control conditions.
 {¶ 14} There was substantial evidence in the record that appellant did not comply with the conditions of his community control sanction. We cannot say that the trial court abused its discretion in its decision to revoke community control. Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED HIM TO SERVE THE BALANCE OF HIS THREE-YEAR *Page 4 
SENTENCE."
 {¶ 17} Appellant argues here that the trial court should have permitted him to provide alternatives to incarceration, given his limited intellectual capacity.
 {¶ 18} The record does not indicate that any specific plan was presented by any party, presenting viable alternatives to incarceration. Further, the trial court found that appellant was no longer amenable to community control sanctions. Therefore, we cannot say the trial court erred in determining that incarceration was appropriate.
 {¶ 19} As to the term of the prison sentence, the trial court stated that it considered the pertinent sentencing factors, and had previously indicated to appellant that a three-year prison sentence would be imposed. The trial court's statement was not contested by the parties.
 {¶ 20} R.C. 2929.11 requires sentencing courts to be guided by the overriding purposes of protecting the public from future crime and punishing the offender. To achieve these purposes, a sentence imposed for a felony shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B).
 {¶ 21} According to R.C. 2929.14, three years is within the statutory range for appellant's original offense, a felony of the third degree. See R.C. 2929.15. Accordingly, we do not find that the trial court erred in imposing a three-year prison term, with credit for time served. Appellant's second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Appellant uses the term "probation" throughout his appellate brief. The record indicates that the trial court imposed a community control sanction. We will consider references to probation to encompass community control. *Page 1