OPINION *Page 2 
{¶ 1} Defendant-appellant, Aubrey J. Williams II ("defendant"), appeals from a decision of the Stark County Court of Common Pleas finding that he had violated his community control sanctions and imposed his original sentence of 87 months in prison. For the reasons that follow, we affirm.
On February 3, 2006, defendant was indicted on one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and one count of possession of cocaine in violation of R.C. 2925.11(A).[1]
 {¶ 2} In March 2006, defendant pled guilty to all of the charges. In judgment entries filed March 17, 2006, the trial court sentenced defendant to three years of community control sanctions. Specifically, defendant was to complete 200 hours of community service with a non-profit organization and complete a program recommended by SRCCC including aftercare. Defendant was warned that a violation of "any condition of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term." The trial court specified in the two judgment entries for each case that this prison term would be a consecutive sentence of 87 months.
On September 21, 2006, defendant's probation officer filed a motion to revoke or modify defendant's community controlled sanctions in both cases, alleging that defendant violated three conditions of his sentence: (1) defendant *Page 3 
failed to complete the 200 hours of community service[2]; (2) defendant failed to attend an SRCCC aftercare meeting; and (3) defendant was terminated from the Project Rebuild Educational and Vocational Program after missing two GED classes.
 {¶ 3} On October 2, 2006, a hearing was conducted. Defendant admitted that he had violated the terms of his community controlled sanctions, but tried to explain and/or justify himself. Defendant claimed that he had missed the aftercare program because he was at home taking care of his daughter. Defendant testified that he has since completed his aftercare program. Defendant claimed that he missed two classes at Project Rebuild because the power went out at his mom's house and he overslept. At the close of testimony, the court revoked defendant's community controlled sanctions and sentenced him to three years on the failure to comply charge, 17 months on the RSP charge, 17 months on the carrying concealed weapons charge, and 17 months on the possession of cocaine charge, to be served consecutively, for a total of 87 months in prison.
 {¶ 4} It is from this decision that defendant now appeals and raises one assignment of error for our review.
 I. {¶ 5} "The trial court erred in sentencing the appellant to the maximum possible prison term for a probation violation." *Page 4 
In his sole assignment of error, defendant argues that it was an abuse of discretion for the trial court to revoke his community control sanctions and impose a maximum term of imprisonment.[3]
 {¶ 6} The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court. See State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336. An appellate court will not reverse the trial court's decision to revoke community control absent an abuse of discretion. Id.
 {¶ 7} A decision is "unreasonable, and therefore an abuse of discretion, if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,161.
 {¶ 8} In a community control sanction revocation proceeding, the State must present substantial evidence that the defendant violated the terms of his community controlled sanction. See State v. Miller, Fulton App. No. F-05-016, 2006-Ohio-4810. *Page 5 
 {¶ 9} Here, the defendant conceded that he had been warned by the judge, his lawyer, and his probation officer that his failure to comply with the terms of his community control would result in a seven-year sentence. Defendant also conceded at the hearing that he had violated the terms of his community control. Defendant testified, however, that they were merely "childish mistakes" and begged for another chance.
 {¶ 10} Upon careful review of the record, we find that there was substantial evidence in the record that defendant did not comply with the conditions of his community control sanctions. Accordingly, we cannot say that the trial court abused its discretion in its decision to revoke his community control. Defendant's argument that community control cannot be revoked for non-criminal violations is erroneous and not supported by the law. See State v. Wolpert, Butler App. No. CA2006-10-244, 2007-Ohio-4734 (defendant's community controlled sanctions revoked for failing to abide by Community Center's rules);State v. Picklesimer, Greene App. No. 06-CA-118, 2007-Ohio-5758
(defendant's community controlled sanctions revoked for failing to pay restitution and attend chemical dependency treatment); State v.Huitt, Stark App. No. 2007CA0060, 2007-Ohio-5816 (defendant's community controlled sanctions revoked for harassing a female supervisor).
 {¶ 11} Defendant's sole assignment of error is overruled.
 {¶ 12} Judgment affirmed.
 {¶ 13} It is ordered that appellee recover from appellant its costs herein taxed.
 {¶ 14} The court finds there were reasonable grounds for this appeal. *Page 6 
 {¶ l5} It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
{¶ l6} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Sweeney, P. J. Gallagher, J. and Stewart, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, General Division, is affirmed. COSTS TAXED TO APPELLANT.
[1] See Stark County Case No. 2006CR0174.
[2] At the time of filing, defendant had completed over 110 hours of service.
[3] As an initial matter, we note that the prison terms imposed by the trial court were not the maximum for each offense. Accordingly, defendant's claim that he received the "maximum possible sentence" is erroneous. *Page 1