[Cite as *State v. Saurber*, 2021-Ohio-464.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-04-057 |
| | : | O P I N I O N |
| - vs - | | 2/22/2021 |
| | : | |
| AMANDA RAE SAURBER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR-2019-04-0513

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant


**PIPER, P.J.**

{¶1} Appellant, Amanda Saurber, appeals the imposition of a prison sentence by the Butler County Court of Common Pleas after the court revoked her community control.

{¶2} While working at a car wash, Saurber stole a checkbook from the console of a customer's vehicle and tried to cash the victim's checks. Saurber was charged with

receiving stolen property, theft, and forgery. Saurber pled guilty to theft, a fifth-degree felony, and the remaining charges were dismissed.

{¶3} The trial court sentenced Saurber to a year of community control. As part of the community control sanctions, Saurber was prohibited from possessing, using, or purchasing any drug or controlled substance. She was also ordered to report to the probation department, maintain employment, and make payments toward her court-ordered financial sanctions. The trial court also warned Saurber that if she violated the terms of her community control, she would serve a year in prison.

{¶4} Approximately one month after sentencing, Saurber began violating the terms of her community control, including failing to report to the probation department as ordered, failing to make payments toward her financial obligations, failing to verify that she was employed, and testing positive for the use of multiple controlled substances.

{¶5} The trial court held a community control violation hearing, during which Saurber admitted to several violations of her community control, including the use of opiates, marijuana, and fentanyl. The trial court found Saurber in violation of her community control terms and revoked community control, imposing the one-year prison sentence addressed at Saurber's sentencing hearing. Saurber now appeals the trial court's sentence, raising the following assignment of error:

{¶6} THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW BECAUSE IT IMPOSED A PRISON TERM IN EXCESS OF THE 90-DAY STATUTORY MAXIMUM FOR A TECHNICAL VIOLATION OF COMMUNITY CONTROL.

{¶7} Saurber argues in her assignment of error that the trial court erred in sentencing her to one year in prison because her violations were technical and thus subject to a 90-day maximum sentence.

{¶8} As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 8. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17.

{¶9} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Williams*, 12th Dist. Butler No. CA2020-01-009, 2020-Ohio-5228, ¶ 12.

{¶10} The record clearly indicates that the trial court considered the statutory factors and imposed postrelease control properly. However, Saurber contends her sentence is contrary to law because the trial court sentenced her outside the permissible statutory range.

{¶11} R.C. 2929.15(B)(1)(c) permits a trial court to impose a prison term if a defendant violates the conditions of a community control sanction. However, a prison term for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was either a "technical violation" or any violation of law that is not a felony. R.C. 2929.15(B)(1)(c)(i).

{¶12} The Ohio Supreme Court has recently addressed the distinction between technical and nontechnical violations of community control in *State v. Nelson*, Slip Opinion No. 2020-Ohio-3690. Therein, the court held that a nontechnical violation is a violation concerning "a condition of community control that was 'specifically tailored to

address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.* at ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17. Conversely, a violation of community control is considered a technical violation "when the condition violated is akin to an administrative requirement facilitating community control supervision." *Nelson* at ¶ 26.

{¶13} After reviewing the record, we find that the trial court's sentence was not contrary to law. During the community control revocation hearing, Saurber admitted, and the trial court found, that she violated the conditions of her community control by using controlled substances, including opiates, marijuana, and fentanyl. Possession of fentanyl is a felony of the fifth degree. R.C. 2925.11(C)(11)(a). Thus, the non-felony provision within R.C. 2929.15(B)(1)(c)(i) does not apply to limit Saurber's sentence to 90 days.

{¶14} Nor does the technical violation provision apply where the trial court specifically ordered Saurber to avoid drug usage in order to address matters related to her theft offense. Saurber explained that she was using drugs at the time she stole the victim's checks and tried to cash them. Thus, the trial court tailored one of the community control sanctions to preclude Saurber's drug usage as a rehabilitative requirement to address a significant factor that contributed to her theft offense. Saurber's drug usage while on community control was not akin to an administrative requirement to facilitate her community control supervision. Instead, Saurber was specifically ordered not to engage in drug usage as a condition of her community control, and she freely admitted to violating that, and other terms, of her community control sanctions.

{¶15} It is undisputed that Saurber committed a nontechnical violation of law while under her imposed fifth-degree felony community control sanction that constituted a new felony criminal offense. Therefore, the prison term limitation of R.C. 2929.15(B)(1)(c)(i) to

90 days is inapplicable to Saurber.  The trial court did not impose a sentence that is contrary to law, and Saurber's single assignment of error is overruled.

{¶16}   Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.