[Cite as *State v. Caldwell*, 2022-Ohio-4035.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-04-032 |
| | : | O P I N I O N |
| - vs - | | 11/14/2022 |
| | : | |
| TYLER RAY CALDWELL, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-01-0108


Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.


**PIPER, J.**

{¶1}  Appellant, Tyler Caldwell, appeals a decision of the Butler County Court of Common Pleas revoking his community control and sentencing him to prison.

{¶2}  On June 11, 2019, Caldwell pled guilty to unlawful sexual conduct with a minor (Count 1), illegal use of a minor in a nudity-oriented material or performance (Count 2), and pandering sexually oriented matter involving a minor (Count 3). Caldwell was sentenced to community control for a period of five years and classified as a Tier II Sex Offender. The trial court advised Caldwell that a violation of community control could result in the

imposition of a prison term of 12 months for Count 1, 12 months for Count 2, and 18 months for Count 3. Caldwell's terms of community control provided:

> 1. I will obey federal, state and local laws and ordinances, including all orders, rules and regulations of Butler County Common Pleas Court or the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen.
>
> 3. I will not leave the State of Ohio without written permission of the Butler County Court of Common Pleas.
>
> 16. I will not purchase, use, possess or have under my control, any electronic device, including but not limited to desktop computers, laptop computers, blackberry devices, or cellular telephones capable of accessing the Internet.

{¶3} Caldwell subsequently requested and received a modification of the terms of his community control to allow for limited use of electronic devices capable of accessing the internet for business purposes only. However, to do so, Caldwell was required to install "Covenant Eyes" software on his devices. Covenant Eyes is software utilized by the Butler County Probation Department to monitor the usage of electronic devices by individuals on community control. Caldwell never proceeded to download or install the Covenant Eyes software on his electronic devices.

{¶4} On September 9, 2021, the Butler County Chief Probation Officer filed a report and notice of community control violations. The notice of violations stated that Caldwell responded to an advertisement of the website "Listcrawler" to solicit sex and that he was arrested in Boone County, Kentucky for solicitation of prostitution. The notice also stated that Caldwell did not request permission or inform his probation officer about leaving the state.

{¶5} The trial court held a community control violation hearing on March 7, 2022. After consideration of the evidence at the hearing, the trial court found Caldwell violated Conditions 1, 3, and 16 listed above. As such, the trial court revoked Caldwell's community

control. The trial court sentenced Caldwell to concurrent prison terms of 18 months on Count 1, 12 months on Count 2, and 18 months on Count 3, which deviated slightly from the initial pronouncement when the court imposed community control. Caldwell timely appeals the trial court's decision, raising three assignments of error for review.

{¶6} Assignment of Error No. 1:

{¶7} THERE WAS INSUFFICIENT EVIDENCE TO REVOKE PROBATION.

{¶8} Caldwell's first assignment of error alleges there was insufficient evidence to revoke his probation.

{¶9} "A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of the community control 'beyond a reasonable doubt." *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, ¶ 26. Rather, the state need only present substantial evidence of a violation of the defendant's community control. *Id.*; *State v. Pickett*, 12th Dist. Warren No. CA2014-09-115, 2015-Ohio-972, ¶ 13.

{¶10} A trial court's decision revoking community control will not be disturbed on appeal absent an abuse of discretion. *State v. Smith*, 12th Dist. Warren No. CA2019-09-014, 2020-Ohio-3235, ¶ 7. An abuse of discretion occurs when the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*

{¶11} Having reviewed the record, we find that the trial court did not abuse its discretion in revoking Caldwell's community control as the state presented substantial evidence that Caldwell failed to comply with, at a minimum, Conditions 3 and 16 of the terms of his community control. Specifically, the state presented evidence that Caldwell was aware he was not permitted to leave the State of Ohio without written permission and was not permitted to possess an electronic device capable of accessing the internet without having installed the Covenant Eyes software on such device.

{¶12} The state presented evidence that Caldwell arranged to have anal sex at the Comfort Suites in Kentucky for $150. Deputy Ryan King testified that Caldwell accessed and responded to an online advertisement placed on Listcrawler. At the revocation hearing, the state introduced evidence of the exchange between Caldwell and the crime suppression unit in charge of the prostitution investigation. Deputy King testified that Caldwell arrived at room 111 of the Comfort Suites where deputies detained him. Although Caldwell claims that Condition 3 was modified so that he could travel to Kentucky so long as he notified his probation officer within 24 hours, and thereby was compliant with the Condition when he informed his probation officer of his arrest, we see no evidence that Condition 3 was ever modified.[1] As noted above, Caldwell was required to obtain "written permission" from the Butler County Court of Common Pleas before entering Kentucky. Caldwell did not do so prior to entering Kentucky.

{¶13} In addition, the state presented evidence that Caldwell was in possession of an electronic device capable of accessing the internet. Deputy King testified that his crime suppression unit placed the online advertisement on Listcrawler, to which Caldwell responded. Although Caldwell received a modification that he could use electronic devices for business purposes if he downloaded Covenant Eyes, the record reflects that Caldwell never downloaded or installed that program on any device. Furthermore, Caldwell accessed and responded to an online advertisement for the solicitation of sex, not a valid business purpose. Based upon review of the entire record, we find there was sufficient evidence to support the revocation of community control for the violation of Condition 3 and Condition 16.[2] Caldwell's first assignment of error is without merit.

---

1. Caldwell claimed that he called his probation officer shortly after he was arrested in Kentucky.

2. Caldwell also argues the trial court erred by revoking his community control because he was only arrested and maintains that his conduct, in attempting to solicit prostitution, is not a violation of Kentucky law. Despite

{¶14} Assignment of Error No. 2:

{¶15} THE BASIC DUE PROCESS REQUIREMENTS FOR A PROBATION REVOCATION HEARING WERE NOT PROVIDED.

{¶16} In his second assignment of error, Caldwell argues he was deprived of due process because the trial court failed to issue a written statement as to the evidence and the reason for the revocation of community control. He further argues there was a deficiency in the written notice of claimed violations giving rise to his arrest in Kentucky.

{¶17} "The due-process requirements for a revocation hearing include providing a defendant with a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation." *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9 and 2015-CA-10, 2016-Ohio-232, ¶ 15. The Ohio Supreme Court has held, however, that an oral statement of the evidence and reasons for revoking community control also may satisfy due process. *State v. Delaney*, 11 Ohio St.3d 231, 234-235 (1984); *see also State v. Sears*, 12th Dist. Butler No. CA2006-04-080, 2007-Ohio-1364, ¶ 8.

{¶18} We find Caldwell's argument to be unpersuasive. In the present case, the trial court did not provide a written statement of the evidence but gave its reasons for revoking community control at the conclusion of the hearing. The trial court stated on the record that it had heard substantial evidence that Caldwell was in violation of community control. The trial court indicated that it relied on Officer King's testimony and exhibits introduced with that testimony to support the violations for leaving Ohio and possessing an electronic device capable of accessing the internet. Caldwell was present through the proceedings, represented by counsel, and permitted to cross-examine the witnesses and introduce

---

his arguments to the contrary, Caldwell's violations of Condition 3 and Condition 16 were enough for the trial court to revoke community control. As this court has previously stated, "any violation of community control conditions may properly be used to revoke the privilege [of remaining on community control]." *State v. Baldwin*, 12th Dist. Clermont Nos. CA2015-10-082 and CA2015-10-086, 2016-Ohio-5476, ¶ 11

testimony from his own witnesses. While Caldwell argues differently, he was also provided with adequate written notice of the violations of his community control. As addressed above, there was substantial evidence to support revocation of community control in this case. Based upon review of the record, we find no due process violation. Accordingly, Caldwell's second assignment of error is overruled.

{¶19} Assignment of Error No. 3:

{¶20} THE SENTENCE WAS CONTRARY TO LAW.

{¶21} Caldwell argues in his third assignment of error that his sentence is contrary to law. When an offender violates the conditions of his community control, "R.C. 2929.15(B) provides the trial court [with] a great deal of latitude in sentencing the offender." *Motz*, 2020-Ohio-4356 at ¶ 36. Pursuant to R.C. 2929.15(B), a trial court has the option of imposing "a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum that the trial court specified at the first sentencing hearing." *Id.*

{¶22} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the supreme court held that R.C. 2953.08(G)(2) does not authorize an appellate court to review whether the record supports a sentence under R.C. 2929.11 or R.C. 2929.12. *Id.* at ¶ 30. As a result, this court does not independently weigh the evidence in the record to substitute the judgment of the trial court. *Id.* at ¶ 42; *State v. Orender*, 12th Dist. Butler No. CA2021-12-149, 2022-Ohio-2823, ¶ 15.

{¶23} We have held that a sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. The factors

set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11.

{¶24} The trial court stated that it had considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors contained in R.C. 2929.11 and 2929.12. The trial court further found that Caldwell was not amenable to community control. The trial court stated that Caldwell's lack of regard for the court's orders were greatly disturbing and imposed a sentence of 18 months on Count 1, 12 months on Count 2, and 18 months on Count 3.

{¶25} While the trial court ordered these terms concurrent for a total prison time of 18 months, the state concedes that the trial court only reserved a prison sentence of 12 months on Count 1 during the initial sentencing hearing. Although there is no prejudice as to the total prison term Caldwell will be serving, given this discrepancy, the trial court should issue a nunc pro tunc entry to correct its mistake so that the sentencing entry accurately reflects its pronouncements at the initial sentencing hearing. *See State v. Goodwin*, 12th Dist. Butler, 2017-Ohio-2712, ¶ 45-46; *State v. Fridley*, 12th Dist. Clermont No. CA2016-05-030, 2017-Ohio-4368, ¶ 52. Caldwell's remaining arguments are overruled.[3]

{¶26} Judgment affirmed in part, reversed in part, and remanded for the limited purpose of issuing a nunc pro tunc sentencing entry.

M. POWELL, P.J., and HENDRICKSON, J., concur.

---

3. Caldwell also argued that the state had improper ex parte communications with the trial court in the drafting of the sentencing entry violating his right to due process, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, a death penalty case. While the record reflects that the state prepared the judgment entry, it does not reflect that it was a product of ex parte communications between the prosecutor and the trial judge. *State v. R.W.*, 8th Dist. Cuyahoga No. 110858, 2022-Ohio-2771, ¶ 37-40; *State v. Jordan*, 8th Dist. Cuyahoga No. 109345, 2021-Ohio-701, ¶ 16-18; *State v. Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, ¶ 17; *State v. Davie*, 11th Dist. Trumbull No. 2007-T-0069, 2007-Ohio-6940, ¶ 18-20.