[Cite as *State v. Sefton*, 2023-Ohio-1318.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-08-075 |
| | : | O P I N I O N |
| - vs - | | 4/24/2023 |
| | : | |
| MICHAEL CHRISTOPHER SEFTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2021-12-1564

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, Michael Christopher Sefton, appeals from a decision of the Butler County Court of Common Pleas revoking his community control and imposing a prison term. For the reasons discussed below, we affirm.

{¶2} In March 2022, appellant pled guilty to obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree. He was sentenced on April 11, 2022, to

five years of community control with a 12-month reserved prison term if he violated the terms of his community control. The conditions of his community control included the requirements that he undergo substance abuse and mental health assessments and follow through with all recommended treatments.

{¶3} A few weeks after he was sentenced, on May 5, 2022, appellant's probation officer filed a report and notice of a community control violation. The notice alleged appellant had violated Rule 5 of the terms and conditions of his community control, as he had "failed to report to the probation department as ordered. His last report [was] on 4/12/2022 [and] [h]is whereabouts are currently unknown." The trial court issued a capias for appellant's arrest.

{¶4} On July 15, 2022, appellant's probation officer filed a second report and notice of a community control violation. The notice restated appellant's Rule 5 violation and added a Rule 14 violation, as appellant had "failed to complete his drug and alcohol assessment and mental health assessment as ordered by the court." Appellant was arrested on the capias and was provided with written notice of his alleged community control violations on July 15, 2022.

{¶5} A probable cause hearing was held on July 18, 2022. Appellant was present and had the opportunity to cross-examine the probation officer who testified about the nature of the alleged community control violations. At the conclusion of the hearing, the magistrate found probable cause that appellant had violated the conditions of his community control. The magistrate set the matter for a revocation hearing on July 25, 2022.

{¶6} Appellant was represented by counsel at the revocation hearing. At the start of the hearing, the trial court provided appellant with oral notice of the two violations he was alleged to have violated. Appellant's counsel immediately volunteered that appellant was admitting to the violations, and appellant was given an opportunity to address the court as

follows:

> THE COURT:  Mr. Sefton, you're here on a first-time probation violation of an underlying conviction, a felony 5, obstruction of official business.  We have a rule 5 violation that Mr. Sefton has not reported since April 12th of this year; rule 15 [sic], has not completed drug and alcohol assessment or mental health assessment.  [Defense Counsel] where are we?
>
> [DEFENSE COUNSEL];  Honestly, I don't think those conditions have been met.  We can go ahead and admit the violations.  I'd like to try and get back into compliance.  But –
>
> THE COURT:  Me too.
>
> [DEFENSE COUNSEL]:  Yup.  But he didn't report.  And obviously, the assessment has not been completed.
>
> THE COURT:  Mr. Sefton, what would you like to say today?
>
> [APPELLANT]:  If at all possible, I'd like you to reinstate me.  I knew I can do right – I know I can do it right.

Based on the admission, the trial court found appellant in violation of the terms of his community control.  After noting appellant's extensive criminal history, which included a prior felony conviction for aggravated assault and misdemeanor convictions for attempted vandalism, resisting arrest, fleeing from a police officer, telephone harassment, aggravated menacing, criminal damaging, as well as his troubling pattern of combative behavior toward the police and his most recent failure to abide by the terms of his community control, the court revoked appellant's community control and sentenced him to the reserved 12-month prison term.

{¶7}    Appellant appealed from the revocation of his community control, raising the following as his sole assignment of error:

{¶8}    APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED DURING HIS PROBATION VIOLATION HEARING.

{¶9}    Appellant argues his procedural due process rights were violated during the

community control revocation hearing because the trial court failed to inform him of his right to confront and cross-examine witnesses against him and to present evidence and witnesses on his own behalf. As a result, appellant contends that he did not knowingly and intelligently waive those rights before admitting to the community control violation.

{¶10} As an initial matter, we note that "'Crim.R. 11 is not applicable to revocation proceedings.'" *State v. Mullins*, 12th Dist. Butler Nos. CA2011-10-195 and CA2011-10-196, 2012-Ohio-5005, ¶ 9, quoting *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002 Ohio App. LEXIS 1892, *8 (Apr. 22, 2002). A defendant at a community control violation hearing is therefore "not entitled to Crim.R. 11(C) dialogue at the revocation proceeding." *Id. Accord State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99 and 2014-CA-100, 2015-Ohio-2554, ¶ 14 ("A trial court need not comply with the requirements of Crim.R. 11 which governs pleas, in accepting an offender's admission to community control violations"); *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11 ("the requirements of Crim.R. 11[C][2] do not apply to a community-control-violation hearing").

{¶11} Though Crim.R. 11 does not apply to revocation proceedings, Crim.R. 32.3 does apply. Crim.R. 32.3 provides, in relevant part, the following:

> **(A) Hearing.** The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
>
> **(B) Counsel.** The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

**{¶12}** Although it is not a criminal proceeding, a community control revocation proceeding must nonetheless comport with the requirements of due process. *Payne* at *6, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756 (1973). A defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe the defendant violated the terms of his community control and then a final revocation hearing, at which time evidence is presented. *Mullins* at ¶ 10; *State v. Norman*, 2d Dist. Clark Nos. CA2017-CA-40 and 2017-CA-41, 2018-Ohio-993, ¶ 17. The due process rights which must be observed in a community control revocation hearing are (1) written notice of the claimed violations of community control, (2) disclosure of evidence against the offender, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *State v. Noonan*, 12th Dist. Butler Nos. CA2018-10-203 and CA2018-10-204, 2019-Ohio-2960, ¶ 13. "A defendant may elect to forgo a hearing on the merits of the alleged community control violations and admit to the violations. Where a defendant elects to do so, the trial court is not required to comply with the requirements of Crim.R. 11, which governs pleas." *Norman* at ¶ 19.

**{¶13}** The record reveals that the trial court fully complied with Crim.R. 32.3 and that appellant was provided with due process in the revocation of his community control. Appellant was present, with counsel, and he was apprised of the grounds on which action was proposed. Not only had appellant been provided with written notice of his Rule 5 and Rule 14 community control violations, but the trial court orally advised appellant of the alleged violations at the start of the July 25, 2022 revocation hearing. By admitting, through counsel, to violating the terms of his community control, appellant waived the requirement that the state present evidence and call witnesses against him. He further waived the right

to cross-examine or call witnesses.  *See State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 12.

{¶14} Appellant contends that nothing in the record demonstrates that he understood the implication of admitting the community control violations, which included his waiver of the right to confront and cross-examine witnesses against him and to present evidence and witnesses on his own behalf.  A similar argument was made by the defendant in *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867.  The Eighth District held as follows:

> It is important to point out that Patton is not arguing on appeal that he did not understand the rights he was waiving when he admitted to the allegations.  Instead, he simply argues that nothing in the record proves that he understood the implication of admitting to the allegations, which would include a waiver of his right to present evidence and cross-examine witnesses. Patton misunderstands the burden of proof on this issue.  In revocation hearings, trial courts are not obligated to procure a knowing waiver through a Crim.R. 11(C)(2)(c) colloquy like they are required to do before accepting a guilty plea.  *Therefore, the relevant consideration is not whether the record proves that he understood the rights he was waiving; it is whether the record in some way indicates that he did not understand the rights he was waiving.*  There is nothing in the record that indicates Patton unknowingly waived his rights.  Generally, without affirmative evidence in the record indicating otherwise, we presume regularity in trial court proceedings.  *State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19.  Presuming regularity in this instance would require us to presume that the trial court and the parties would not have proceeded past the evidentiary phase of the proceedings without Patton indicating his willingness to waive his rights, through a signed declaration or otherwise.

(Emphasis added.)  *Id.* at ¶ 12.

{¶15} As in *Patton*, there is nothing in the record before us indicating that appellant did not understand the rights he was waiving.  Appellant was represented by counsel. Immediately after counsel admitted to the violations on appellant's behalf, appellant had the opportunity to address the court.  At no point in time did appellant, an individual with

extensive experience in the criminal justice system, indicate he had any questions about the proceedings or indicate he did not wish to proceed with an admission to the allegations that he violated his community control. Accordingly, based on the record before us, we find that appellant was afforded his due process rights during the revocation of his community control. Appellant's sole assignment of error is overruled.

{¶16} Judgment affirmed.


S. POWELL, P.J., and M. POWELL, J., concur.