[Cite as *State v. Cornett*, 2024-Ohio-2396.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|                          |   |                          |
|--------------------------|---|--------------------------|
| STATE OF OHIO,           | : |                          |
| Appellee,                | : | CASE NO. CA2023-11-077   |
|                          | : | O P I N I O N            |
| - vs -                   |   | 6/24/2024                |
|                          | : |                          |
| JEAN ELLEN MURRAY CORNETT, | : |                        |
| Appellant.               | : |                          |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 22CRB3251 and 22TRC09560

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Alvertis W. Bishop, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Jean Ellen Murray Cornett, appeals from a decision of the Clermont County Municipal Court revoking her community control and imposing a jail term.[1] For the reasons discussed below, we affirm.

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

## I. Factual and Procedural Background

{¶ 2} On December 8, 2022, Cornett pled guilty to endangering children, OVI, and attempted possession of methamphetamine. The charges arose from an incident on October 17, 2022, when Cornett was arrested for suspected OVI with her 15-year-old stepson in the car with her. The trial court sentenced Cornett to 400 days in jail, with 355 days suspended, and placed her on community control. The terms of community control included that Cornett comply with electronic monitoring or Secure Continuous Remote Alcohol Monitoring ("SCRAM") as directed by the probation department.

{¶ 3} On July 13, 2023, the probation department received information that Cornett was behaving in a manner that raised concerns she may be consuming alcoholic beverages. On July 14, 2023, the probation department contacted Cornett and directed her to come in for a drug/alcohol test. However, Cornett failed to appear for the test. Due to Cornett's concerning behavior and her failure to come to the probation department for the test, the probation department decided to have her wear a SCRAM ankle bracelet.

{¶ 4} Two weeks later, the probation received alerts from Cornett's SCRAM bracelet that it had been tampered with on August 6, 2023, from 10:47 a.m. to 9:54 p.m., and from August 7, 2023, at 11:21 p.m. to August 8, 2023, at 6:01 a.m. The bracelet also detected alcohol during these tampering alert periods. The probation department filed an affidavit of community control violation on August 14, 2023, alleging that Cornett had tampered with the SCRAM bracelet and the SCRAM bracelet had detected the presence of alcohol during both tampering alert periods. The community control violation hearing was scheduled for August 29, 2023.

{¶ 5} On August 28, 2023, attorney Harry Plotnik filed a notice of appearance as associate counsel on Cornett's behalf. The community control violation hearing was continued to September 11, 2023. On September 6, 2023, Cornett filed a motion for a

Daubert hearing concerning the reliability of the SCRAM bracelet to detect alcohol. The community control violation hearing was continued again to October 10, 2023.

{¶ 6} The community control violation hearing was held as scheduled on October 10, 2023. At the hearing, the state moved the court to withdraw its allegation concerning the SCRAM bracelet detecting alcohol. The trial court agreed and the matter proceeded only upon the community control violation relating to Cornett's alleged tampering with the SCRAM bracelet. With no discussion of Cornett's pending motion for a Daubert hearing, Cornett admitted to the tampering allegation. After hearing statements from Cornett, Cornett's attorneys, and the probation officer, the trial court sentenced Cornett to 180 days in jail of the 355 days remaining on her suspended jail sentence.

{¶ 7} Cornett now appeals, raising one assignment of error for our review.

## II. Legal Analysis

{¶ 8} Assignment of Error:

> THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT A DAUBERT HEARING ON WHETHER THE SCRAM DEVICE IS RELIABLE AND ACCURATE UNDER THE CIRCUMSTANCES OF THIS CASE.

{¶ 9} In her sole assignment of error, Cornett argues that the trial court erred in denying her motion for a Daubert hearing to address the reliability of the SCRAM bracelet. We disagree.

{¶ 10} After the state withdrew its allegation that the SCRAM bracelet detected alcohol, Cornett admitted to the tampering allegation. By admitting, through counsel, to violating the terms of her community control, Cornett waived the requirement that the state present evidence and call witnesses against her. *State v. Sefton*, 12th Dist. Butler No. CA2022-08-075, 2023-Ohio-1318, ¶ 13. She further waived the right to cross-examine or call witnesses. *Id.*

**{¶ 11}** Nothing prevented Cornett from presenting her expert to challenge the reliability of the SCRAM bracelet at the community control violation hearing, whether for the bracelet's ability to detect alcohol or tampering. Instead of doing so, Cornett admitted to the tampering violation. Cornett cannot now complain that she was prejudiced by the trial court's refusal to conduct a separate Daubert hearing on the issue.[2]

**{¶ 12}** Cornett's sole assignment of error is overruled.

### III. Conclusion

**{¶ 13}** The trial court did not err by not holding a separate Daubert hearing. Cornett admitted to violating the terms of community control and therefore waived the right to cross-examine or call witnesses.

**{¶ 14}** Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.

---

2. In other words, once the state withdrew the allegations of alcohol detection, any evidence regarding the accuracy of the SCRAM bracelet to detect alcohol became irrelevant to the tampering allegation. Once Cornett admitted to tampering with the bracelet, there were no further evidentiary concerns.