[Cite as *State v. Farley*, 2024-Ohio-3238.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-06-051 |
| | : | O P I N I O N |
| - vs - | | 8/26/2024 |
| | : | |
| SCOTT FARLEY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CR38860


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Garrett Law Offices, and Dawn S. Garrett, for appellant.



**PIPER, J.**

{¶ 1}   Appellant, Scott Farley, appeals from a decision of the Warren County Court of Common Pleas revoking his community control and sentencing him to prison.

{¶ 2}   On April 19, 2022, Farley pled guilty to receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree.  He was sentenced on May 24, 2022, to three years of community control.  The trial court notified Farley that it would impose a

12-month prison term if he violated the terms of his community control. The conditions of his community control included the requirements that Farley complete a community-based correctional facility treatment program, refrain from the use of any drugs or alcohol, and pay restitution to the victim.

**{¶ 3}** On November 4, 2022, Farley's probation officer filed a report and notice of community control violations. The notice alleged that Farley violated Rule 7 of the terms and conditions of his community control, as he was found to be in the possession of methamphetamine and had consumed a product to interfere with the results of a valid drug screen. At a hearing before the trial court, Farley admitted to the violations. The trial court continued Farley on community control.

**{¶ 4}** On April 28, 2023, Farley's probation officer filed a second report and notice of community control violations. The notice alleged that Farley violated Rule 7 when he attempted to alter the results of a drug test and admitted using methamphetamine. The notice also alleged that Farley violated Rule 20 because he failed to make any payments toward his ordered restitution.[1]

**{¶ 5}** Farley admitted violating Rule 7 and Rule 20 at a hearing held on May 31, 2023, and the trial court revoked Farley's community control. The trial court found that Farley's violations of community control were not technical violations and imposed a prison term of 15 months. Farley timely appeals from the revocation of his community control, raising one assignment of error for review:

**{¶ 6}** APPELLANT-DEFENDANT'S PLEA TO THE VIOLATION AND SENTENCE WERE [sic] CONTRARY TO LAW.

---

1. The notice also stated that Farley violated Rule 5 for failing to report to probation as ordered. Later, an amended notice stated that Farley also violated Rule 1 because he was charged with possession of a controlled substance.

**{¶ 7}** Farley argues the trial court erred by revoking his community control and imposing a 15-month prison term.[2] He maintains that his "plea" admitting the violations was not knowing, intelligent, and voluntary. He also argues that the sentence imposed was contrary to law because the violations were technical violations and because the 15-month sentence exceeded the 12-month term that he was advised of during the original sentencing hearing.

## DUE PROCESS

**{¶ 8}** As an initial note, and contrary to Farley's arguments otherwise, Crim.R. 11 is not applicable to revocation proceedings. *State v. Sefton*, 2023-Ohio-1318, ¶ 10 (12th Dist.).[3] A defendant at a community control violation hearing is therefore not entitled to the Crim.R. 11(C) dialogue at the revocation proceeding. *Id*; *State v. Cunningham*, 2015-Ohio-2554, ¶ 14 (2d Dist.) ("A trial court need not comply with the requirements of Crim.R. 11, which governs pleas, in accepting an offender's admission to community control violations"); *State v. Parsons*, 2009-Ohio-7068, ¶ 11 (4th Dist.) ("the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing").

**{¶ 9}** While Crim.R. 11 does not apply to revocation proceedings, Crim.R. 32.3 does apply. Crim.R. 32.3 provides, in relevant part, the following:

> **(A) Hearing.** The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
>
> **(B) Counsel.** The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable

---

2. While Farley's brief contains one assignment of error, he lists six issues. We note many of the issues overlap one another.

3. Farley did not enter a guilty plea, rather Farley's counsel represented Farley wanted to admit to violations of Rule 7 and Rule 20 and Farley himself acknowledged to the court he was admitting the violations.

to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

Although it is not a criminal proceeding, a community control revocation proceeding must nonetheless comport with the requirements of due process. *Sefton* at ¶ 12.

{¶ 10} A defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe the defendant violated the terms of his community control and then a final revocation hearing, at which time evidence is presented. *State v. Mullins*, 2012-Ohio-5005, ¶ 10 (12th Dist.).  The due process rights which must be observed in a community control revocation hearing are (1) written notice of the claimed violations of community control, (2) disclosure of evidence against the offender, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control.  *State v. Noonan*, 2019-Ohio-2960, ¶ 13 (12th Dist.).  "A defendant may elect to forgo a hearing on the merits of the alleged community control violations and admit to the violations. Where a defendant elects to do so, the trial court is not required to comply with the requirements of Crim.R. 11, which governs pleas." *Sefton* at ¶ 12.

{¶ 11} The record reveals that the trial court fully complied with Crim.R. 32.3 and that Farley was provided with due process in the revocation of his community control. Farley was present, with counsel, and he was apprised of the grounds on which action was proposed.  Farley was provided with written notice of his community control violations.  Farley advised that he wanted to waive the hearing and admit to the violations

of Rule 7 and Rule 20. Those violations alleged that Farley attempted to alter the results of a drug test, continued using methamphetamine, and failed to make any payments toward his ordered restitution. Based on his admissions, the trial court found that Farley violated his community control.

{¶ 12} Farley asserts there were no sworn statements, no testimony, no evidence, and no admissions supporting the allegations. However, as stated above, Farley admitted to the violations of Rule 7 and Rule 20. Since he admitted to the violations, Farley is precluded from arguing that the state did not present sufficient evidence to prove the violations. *State v. Elliott*, 2023-Ohio-1459, ¶ 8 (1st Dist.). In this case, Farley was afforded his due process rights during the revocation of his community control and his arguments to the contrary are overruled.

**PRISON TERM**

{¶ 13} Upon revoking a defendant's community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B); *State v. Caldwell*, 2022-Ohio-4035, ¶ 21 (12th Dist.).

{¶ 14} We review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Demangone*, 2023-Ohio-2522, ¶ 11 (12th Dist.). Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* A sentence is not clearly and convincingly contrary to law where the trial court

- 5 -

considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12 and sentences a defendant within the permissible statutory range. *Caldwell* at ¶ 23.

### *Farley committed nontechnical violations*

{¶ 15} Farley first argues that he only committed technical violations of his community control and therefore the maximum sentence should not have exceeded 180 days. R.C. 2929.15(B)(1)(c)(ii).[4] Pursuant to an amendment to R.C. 2929.15, a "technical violation" is statutorily defined as

> a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

R.C. 2929.15(E).

{¶ 16} Prior to the enactment of R.C. 2929.15(E), a "technical violation" and a "nontechnical violation" had been defined by the Ohio Supreme Court. *See State v. Nelson*, 2020-Ohio-3690. The court held that "a violation is 'nontechnical' if, considering the totality of the circumstances, the violation concerns a condition of community control

---

4. A prison term for the violation of a community control sanction imposed for a fourth-degree felony offense that was not an offense of violence and was not a sexually oriented offense may not exceed 180 days if the violation was a "technical violation." R.C. 2929.15(B)(1)(c)(ii).

that was 'specifically tailored to address' matters related to the defendant's misconduct or it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.* at ¶ 26, quoting *State v. Davis*, 2018-Ohio-2672, ¶ 17, 18 (12th Dist.). "On the other hand, a violation is 'technical' when the condition violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*, quoting *Davis* at ¶ 18. The supreme court found that "[t]here is no single factor that determines whether a violation is technical or nontechnical." *Id.* Rather, "the statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case." *Id.*

{¶ 17} Though the statutory definition of "technical violation" set forth in R.C. 2929.15(E) replaces the definition set forth by the supreme court in *Nelson*, this court has previously held that the holding in *Nelson* remains relevant. *Demangone*, 2023-Ohio-2522 at ¶ 14. In determining whether a violation of community control is a technical or nontechnical violation, a trial court should continue to "engage in a practical assessment of the case before it, i.e., . . . consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case." *Id.*

{¶ 18} Here, Farley violated the terms of his community control because he attempted to alter the results of a drug test, continued using methamphetamine, and failed to make any payments toward his ordered restitution. These are nontechnical violations. *See State v. Saurber*, 2021-Ohio-464, ¶ 13-15 (12th Dist.) (continued drug usage); *State v. Elliott*, 2023-Ohio-1459, ¶ 16 (1st Dist.) (failure to pay restitution). Farley has an extensive criminal record and has admitted to having a severe drug addiction. The trial

court tailored the community control sanctions to address Farley's drug usage, which was a significant factor that contributed to his criminal activity. Unfortunately, Farley has continued using drugs and has attempted to conceal his drug use from the probation department and the trial court. In addition, Farley failed to make any payment of restitution, which was a specifically tailored requirement to compensate the victim for the harm Farley caused. As these violations were not technical in nature, the 180-day prison term limitation set forth in R.C. 2929.15(B)(1)(c)(ii) was inapplicable.

### *Farley's 15-month sentence is modified*

{¶ 19} Farley also argues the trial court's sentencing decision is contrary to law because the 15-month sentence exceeded the 12-month term that he was advised of during the original sentencing hearing. As relevant here, the version of R.C. 2929.19(B)(4) in effect at the time Farley was sentenced to community control explicitly required the court to notify an offender of the specific prison term that may be imposed as a sanction for violating the conditions of community control. On sentencing a defendant following revocation of community control, the trial court is not permitted to exceed the prison term specified in the notice provided at the sentencing hearing. R.C. 2929.15(B)(3); *State v. Jones*, 2022-Ohio-4485, ¶ 17.[5]

{¶ 20} In the present case, the trial court stated that it reserved a prison term of 12 months if Farley violated the conditions of his community control. The trial court plainly exceeded the specified prison term in sentencing Farley to 15 months in prison. Accordingly, Farley's sole assignment of error is sustained insofar as the trial court erred when it imposed a prison term exceeding the term reserved at the original sentencing

---

5. A sentencing court is no longer required to reserve a specific prison term when sentencing a defendant to community control sanctions. Instead, the sentencing court is required to inform the defendant of the range of prison terms available for the offense if he or she violates community control. *Jones* at ¶ 17.

hearing. Farley's 15-month sentence is contrary to law; we therefore modify Farley's prison sentence to 12 months.

## CONCLUSION

{¶ 21} In light of the foregoing, we find the trial court did not err by revoking Farley's community control or in determining that Farley committed nontechnical violations of community control. The trial court's sentence, however, is modified to a prison term of 12 months. The judgment of the trial court is affirmed in all other respects.

{¶ 22} Judgment affirmed as modified.

S. POWELL, P.J., and HENDRICKSON, J., concur.